UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUNHAM TRUST CO., a Nevada corporation, as Trustee of the Darrell N. Garmann Testamentary Trust 2012,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., an international holding company, et al.,<br><br>Defendants. | Case No. 3:18-cv-000181-LRH-WGC<br><br>ORDER |

Defendants (collectively "Wells Fargo") have filed a motion to dismiss the first amended complaint of plaintiff Dunham Trust Co. ("Dunham Trust"). (ECF No. 21). Dunham Trust responded (ECF No. 24), and Wells Fargo timely replied (ECF No. 29). For the reasons stated below, the Court grants Wells Fargo's motion to dismiss and dismisses Dunham Trust's amended complaint with prejudice.

**I. Factual Background and Procedural History**

This is the second motion to dismiss filed by Wells Fargo in this case. The Court granted Wells Fargo's first motion to dismiss on February 7, 2019, dismissing several of Dunham Trust's causes of action with prejudice. (ECF No. 19). The Court, however, allowed Dunham Trust to amend its compliant and cure the factual deficiencies as to some of its claims. Dunham Trust filed a first amended complaint on March 8, 2019, asserting two causes of action against Wells Fargo: (1) violation of the Uniform Fiduciaries Act, NRS 162.010 *et seq*. ("UFA") and (2) conversion

1

under Nevada common law. (ECF No. 20). Wells Fargo now moves to dismiss both causes of action.

As the Court has already related the background of this case in detail in its previous order (see ECF No. 19 at 1–2), the Court will only briefly summarize the relevant facts here. Pursuant to a settlement order from Nevada state court, Rickey Garmann Sr. ("Rickey Sr.") was appointed as trustee for a testamentary trust that was created for the benefit of his son, Rickey Garmann Jr. ("Rickey Jr."). (*Id.*) The court's settlement order mandated that the financial account Rickey Sr. was to create had to be a blocked account, meaning that Rickey Sr. would need permission from the court to make trust fund disbursements in support of his son. (*Id.* at 2). Without the court's permission, Rickey Sr. was only supposed to be able to make withdrawals to pay the property and income taxes that the trust incurred. (*Id.*) Rickey Sr., however, did not set up a blocked account, and over the course of several years, misappropriated approximately $347,000 from the trust account to pay for various personal expenses. (*Id.*) Once his misconduct was discovered, the state court suspended Rickey Sr. as trustee and appointed Dunham Trust in his stead. Rickey Sr. was ultimately found personally liable for the entire misappropriated amount and ordered to pay restitution. (*Id.*) Dunham Trust eventually sued Wells Fargo in Nevada state court, and its lawsuit was properly removed here to federal court.

## II. Legal Standard

Wells Fargo seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; a pleading, however, that offers " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 667. Even so, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of the elements of a. . .claim. . .are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

Wells Fargo moves to dismiss both causes of action (UFA and conversion claims) asserted against it. As it did in its previous motion to dismiss, Wells Fargo argues that absent actual knowledge of trustee fraud or bad faith on its part, it did not have any duty under the UFA to investigate Rickey Sr.'s transactions to ensure that they were conducted in compliance with the terms of the trust. (ECF No. 21 at 7). And because Dunham Trust has failed to allege any facts that raise an inference of actual knowledge or bad faith, the cause of action should be dismissed. (*Id*.) As to the conversion claim, Wells Fargo argues that Dunham Trust has failed to identify any specific money that was converted or that it is entitled to the return of the converted money, warranting dismissal of that claim. (*Id*.) The Court will address these arguments in turn.

3

**A. UFA Claim**

In states like Nevada that have adopted the UFA, the scope of a bank's liability to a trust is governed under the UFA's provisions, not common law principles. *Guild v. First Nat. Bank of Nevada*, 553 P.2d 955, 957 (Nev. 1976). A bank will only be held liable if "if it receives the deposit or pays the check by the fiduciary with [1] actual knowledge that the fiduciary is committing a breach of his obligation in making such deposit or in drawing such check or [2] with knowledge of such facts that the Bank's action in receiving the deposit or paying the check amounts to bad faith." *Id*. This means that to survive a motion to dismiss, the plaintiff must show that the bank had actual knowledge that the trustee was violating a fiduciary duty or that there were facts known to the bank such that it would be bad faith for the bank not to investigate the trustee's conduct. While the UFA does not define "bad faith," it does define "good faith," which is an act "done honestly, whether it be done negligently or not." NRS 162.020(2). In *Guild*, the Nevada Supreme Court interpreted "bad faith" as requiring "purposeful or motivated conduct" rather than a "lack of due care [or] negligence." *Guild*, 553 P.2d at 958. Simply alleging facts indicating that a bank behaved negligently or carelessly when conducting business with a trustee is insufficient to advance a claim under the UFA.

Dunham Trust argues that its amended complaint pleads fact sufficient to raise the inference that Wells Fargo acted in bad faith. It asserts that Wells Fargo "disregarded and refused to learn any material facts regarding Rickey Sr.'s authority to transact business on the Trust's behalf." (ECF No. 24 at 8). Instead of requesting trust documentation or court records "[establishing] the trust or [defining] Rickey Sr.'s authority," Wells Fargo "stuck its head in the sand" and relied solely on a pre-filled, bank form document to verify Rickey Sr.'s authority. (*Id*.) Wells Fargo's conduct further constituted bad faith because of the "frequency and amount of the…withdrawals and charges" that Rickey Sr. was making and accruing. (*Id*. at 9).

The Court disagrees. As an initial matter, Dunham Trust does not argue nor assert in its amended complaint that Wells Fargo had actual knowledge that Rickey Sr. was violating his fiduciary duties while making transactions with his Wells Fargo account. Thus, it must allege facts that when taken to be true, raise an inference that Wells Fargo acted in bad faith by not

investigating Rickey Sr., and it has failed to do so here. The fact that Wells Fargo did not request specific documents demonstrating Rickey Sr.'s trust authority is not bad faith conduct. Instead, Wells Fargo relied on Rickey Sr.'s affirmations within the "Certification of Trustee" that he filled out when creating the trust account. Selected paragraphs from that document include the following provisions:

> 9. The Trustee(s) will not direct Wells Fargo to take any action unless the Trustee(s) has/have the power to act and such powers are properly executed.
>
> 10. Pursuant to the terms of the Trust, the Trustee(s) has/have the power to contract for banking and other financial services and to transfer, purchase, and/or sell financial assets and investments, including securities.

(ECF No. 20-2 at 3).[1] Dunham Trust has not provided the Court with any authority demonstrating that it is bad faith for a bank to rely on a trustee's sworn statements about the scope of his authority to make deposits and withdrawals on behalf of the trust. As a matter of law, Wells Fargo not requesting to see trust documentation would (at best) amount to negligence, but certainly not bad faith. *See Koss Corporation v. Park Bank*, 922 N.W.2d 20, 36 (Wis. 2019) (allegations that bank had "inadequate policies to detect suspicious activity" and "routinely violated" its wire transfer policy could be used to show negligence, but not bad faith).

Dunham Trust's argument that the "frequency and amount of the improper withdrawals and charges" should have placed Wells Fargo on notice of misconduct falls short as well. (ECF No. 24 at 9). Dunham Trust asserts that during Rickey Sr.'s time as trustee, he made numerous withdrawals from both Wells Fargo and non-Wells Fargo ATMs, cashed checks made out to the trust, and charged personal expenses to the trust. (*Id*. at 9–10). Dunham Trust aggregates these transactions together in an attempt to demonstrate that Rickey Sr.'s conduct was pervasive, but as the Wisconsin Supreme Court stated in *Koss*, "a bank has no obligation to piece together various transactions by a fiduciary, but rather it is permitted to engage in the presumption that the fiduciary

---

[1] As a general rule, a district court cannot consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court may, however, consider material "properly submitted as part of the complaint" on a motion to dismiss without converting it into a motion for summary judgment. *Id.* Attached to Dunham Trust's first amended complaint is a copy of the document that Rickey Sr. completed and signed when opening his Wells Fargo account, so the Court can properly consider it as part of the motion to dismiss.

5

is acting in accord with the fiduciary's lawful authority for each transaction." *Koss Corporation v. Park Bank*, 922 N.W.2d 20, 31 (Wis. 2019). Based on Rickey Sr.'s sworn statements on the "Certification of Trustee" document, Wells Fargo was led to believe that Rickey Sr. had the authority to complete the transactions that he did. This is not a situation where bank transactions were improper on their face, which should trigger a bank's duty to investigate. *See Manfredi v. Dauphin Deposit Bank*, 697 A.2d 1025, 1029–30 (Pa. Super. Ct. 1997) (bank's conduct constituted bad faith when it allowed a fiduciary to deposit a check into a joint checking account with only one signature; bank cannot "ignore an irregularity where it is of a nature to place one on notice of improper conduct by a fiduciary").

*New Jersey Title Ins. Co. v. Caputo* is instructive. There, an attorney had an attorney trust account and an attorney business account with a bank. 748 A.2d 507, 508 (N.J. 2000). As part of his real estate practice, the attorney received funds from his clients to pay off mortgages on properties they were interested in purchasing, and he deposited that money into his trust account. *Id*. But instead of paying off the mortgages, the attorney used the money to gamble in Atlantic City. *Id*. The attorney withdrew the money by way of 52 checks, each of which was authorized by one of two bank workers at his local branch because of the amount of the checks. *Id*. The two bank officials knew that the attorney was frequently gambling, that his trust account contained client funds, and that he was making withdrawals and deposits from the account either in Atlantic City or for use in Atlantic City. *Id*. The New Jersey Supreme Court ruled that summary judgment was inappropriate for the bank because of those reasons; a reasonable jury could find the bank acted in bad faith by failing to investigate despite the highly suspicious circumstances of the attorney's conduct. *Id*. at 514.

No such circumstances exist here. Dunham Trust has alleged that Wells Fargo knew of Rickey Sr.'s numerous transactions, but it has not alleged any facts that could give rise to an inference that Rickey Sr. was violating his fiduciary duties. The Court will accordingly grant Wells Fargo's motion to dismiss. As the Court has already given Dunham Trust an opportunity to amend its UFA claim once, the Court will not give it another chance to fix the factual deficiencies for this claim. Accordingly, Dunham Trust's UFA claim will be dismissed with prejudice.

6

**B. Common Law Conversion Claim**

Wells Fargo next requests dismissal of Dunham Trust's claim for common law conversion. (ECF No. 21 at 17). In its amended complaint, Dunham Trust has again asserted a claim of conversion for the fees Wells Fargo collected whenever Rickey Sr. completed a transaction involving the trust account. In the Court's previous order, it dismissed Dunham Trust's conversion claim without prejudice and gave it an opportunity to show that the money Wells Fargo is alleged to have converted is sufficiently identifiable. (ECF No. 19 at 9). In support of dismissal, Wells Fargo argues that Dunham Trust has once again failed to sufficiently identify the specific money at issue. (ECF No. 21 at 17).

To prevail on a conversion claim under Nevada law, a plaintiff must show that: (1) the defendant committed a distinct act of dominion wrongfully exerted over the plaintiff's personal property; (2) the act was in denial of or inconsistent with the plaintiff's title or rights to the property; and (3) the act was in derogation, exclusion, or defiance of the plaintiff's title or rights in the personal property. *Amatrone v. State Farm Fire and Casualty Co.*, 2018 WL 772078, at *5 (D. Nev. Feb. 7, 2018) (citing *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1049 (Nev. 2000)). Conversion is an act of general intent, meaning that no wrongful intent is required, and liability is not excused by care, good faith, or lack of knowledge. *M.C. Multi-Family Development, LLC v. Crestdale Associates, Ltd.*, 193 P.3d 536, 543 (Nev. 2008).

As the Court stated in its previous order, money cannot be the subject of a conversion claim unless it is sufficiently identifiable. *Hester v. Vision Airlines, Inc.*, 2011 WL 856871, at *3 (D. Nev. Mar. 9, 2011). Even when the exception applies, however, the money must have been either "wrongfully received by the party charged with conversion, or [the] party [must have been] under obligation to return the specific money to the party claiming it." *DFR Apparel Co., Inc. v. Triple Seven Promotional Products, Inc.*, 2014 WL 4891230, at *3 (D. Nev. Sept. 30, 2014) (alterations in original). In its amended complaint, Dunham Trust alleges that Wells Fargo collected $197.70 in fees associated with Rickey Sr.'s improper transactions. (ECF No. 20 at 15). According to Dunham Trust, Wells Fargo converted that money because it should never have authorized Rickey Sr.'s transactions that resulted in those fees. (*Id.*)

But as this Court stated in *DFR Apparel Co., Inc.*, even assuming that Dunham Trust has alleged facts sufficient to establish the money exception to conversion, it still must allege facts showing that it is entitled to the return of the $197.70. Given that Dunham Trust does not have a valid UFA claim against Wells Fargo as a matter of law, it cannot possibly do so here. In the Court's previous order, it dismissed Dunham Trust's unjust enrichment claim because both Rickey Sr. and Wells Fargo received something from one another – in exchange for transaction fees, Rickey Sr. was allowed to have an account with Wells Fargo. (ECF No. 19 at 10–11). This is why Dunham Trust's conversion claim fails here. Wells Fargo could not have improperly converted $197.70 in trust funds by way of transaction fees when it cannot be held liable for approving those transactions in the first place. While in actuality, Rickey Sr. was not authorized to make those transactions, as far as Wells Fargo knew, Rickey Sr. *was* authorized to make those transactions because he made material misrepresentations when setting up his Wells Fargo account. It is axiomatic that Wells Fargo cannot be held liable for conversion when it had a legal interest in the property it is accused of converting. *Winchell v. Schiff*, 193 P.3d 946, 950 (Nev. 2008) (conversion requires that the defendant wrongfully exert dominion over a plaintiff's personal property). Accordingly, this cause of action must be dismissed with prejudice.

### IV. Conclusion

IT IS THEREFORE ORDERED that defendant Wells Fargo's motion to dismiss (ECF No. 21) is **GRANTED**. Plaintiff Dunham Trust's first amended complaint (ECF No. 20) is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of the defendant, Wells Fargo Bank, N.A., and against the plaintiff, Dunham Trust Company.

DATED this 31st day of October 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE